COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Keith Porter v. Patricia Porter

Appellate case number:   01-14-00766-CV

Trial court case number: 2013-47027

Trial court:             308th Judicial District Court of Harris County

On January 8, 2015, this Court's Order on Motion granted in part appellant Keith Porter's second motion for extension of time to file brief and pay fees because, among other things, appellant's counsel stated that the trial court had set a January 22, 2015 hearing on her motion to set aside the November 12, 2014 order sustaining the contest to appellant's affidavit of indigence. In that Order, this Court stated that "if appellant fails to file evidence of indigence or the filing fee by January 28, 2015, the Court may dismiss this appeal without further notice." Instead, on January 26, 2015, the court reporter filed an information sheet stating that at the indigence hearing, rescheduled for that day, the trial court again denied appellant's motion, declaring again that he was not indigent. The reporter also repeated that she had still not been paid for the reporter's record for the underlying appeal.

On January 30, 2015, the trial court clerk issued a second letter of assignment to this Court from the above-mentioned trial court cause number, containing a notice of appeal primarily from the trial court's January 26, 2015 order sustaining the contest to appellant's affidavit of indigence. This second notice of appeal was filed by appellant in the trial court on January 28, 2015. Furthermore, on February 4, 2015, appellant's counsel filed a document entitled, "Keith Porter Proof of Indigence," in response to this Court's January 8th Order. In that response, appellant's counsel repeated her contention that, despite what the trial court found, appellant was indigent and could not afford to pay for all of his appellate costs, and requests that this Court either waive all of his appellate costs or alternatively permit appellant to proceed without the reporter's record and also requests an extension of time to file his appellate brief.

Under Texas Rule of Appellate Procedure 20.1(j)(1), amended effective on March 1, 2012, a party claiming indigence may seek review of a trial court order sustaining a contest to his affidavit of indigence by filing a *motion* challenging the order in the appellate court, not a notice of appeal. *See* TEX. R. APP. P. 20.1(j)(1). Here, appellant's counsel filed a notice of appeal in which she specifically states that appellant "now gives his Notice of Appeal from all Order[s] . . . on January 26, 2015, Judgment And Order Sustaining Contest To Pauper's Oath, any other order that shows up after the fact . . . and the Novemb[e]r 12, 2014 Order Signed To Sustain Contest (Temporary Order) to the 1st Texas Court of Appeal." Thus, appellant did not file a *motion* challenging the order in this Court and, more importantly, filed his notice of appeal in the trial court, not with this Court as required to give this Court prompt notice. *See* TEX. R. APP. P. 20.1(j)(1).

Under Texas Rule of Appellate Procedure 20.1(j)(4), a motion challenging a trial court's order sustaining a contest to an affidavit of indigence is granted by operation of law unless the appellate court denies the motion within 10 days after it is filed. TEX. R. APP. P. 20.1(j)(4). Because appellant's notice of appeal was filed as a notice and in the trial court, the letter of assignment filing provided no notice to this Court of the need to consider and rule on a motion challenging the trial court's order within 10 days of the filing of such a motion. Consequently, consideration of such an improperly-filed notice, which comes to the appellate court's attention through a letter of assignment issued by the trial court clerk, would encourage appellants to improperly file their Rule 20.1(j) motions in an effort to have their motions be granted by operation of law. Accordingly, this Court will not construe appellant's "Notice of Appeal" as a motion challenging the trial court's January 26, 2015 order sustaining the trial clerk's contest to appellant's affidavit of indigence pursuant to Texas Rule of Appellate Procedure 20.1(j).

Because appellant has not established indigence, it is **ORDERED** that appellant pay the appellate filing fee to this Court **within 14 days of the date of this order, or the appeal will be dismissed**. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless indigent), 42.3 (allowing involuntary dismissal of case).

Although the trial clerk filed an information sheet on November 3, 2014, stating that the clerk's record was filed in error because it was not paid for, the clerk's record was filed on October 31, 2014. Because appellant indicates that he alternatively wants to proceed without the reporter's record, if appellant pays the filing fee by the above deadline, the Clerk of this Court will set the briefing schedule and this Court will consider and decide only those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c).

It is so ORDERED.


Judge's signature: /s/ <u>Evelyn V. Keyes</u>

☒ Acting individually ☐ Acting for the Court

Date: February 12, 2015